**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| EDDIE BELL | § | |
| | § | |
| | § | |
| vs. | § | C.A. NO.: 3:21-cv-1070 |
| | § | |
| ADAM HENSON, NEW PRIME, INC. AND | § | |
| SUCCESS LEASING, INC. | § | |

## INDEX OF STATE COURT DOCUMENTS

| TAB | DOCUMENT | DATE |
|:---:|---|:---:|
| 1 | Plaintiff's Original Petition | 03/26/2021 |
| 2 | Citation issued to Adam Henson | 03/26/2021 |
| 3 | Citation issued to New Prime, Inc. | 03/26/2021 |
| 4 | Jury Demand | 03/26/2021 |
| 5 | Defendants' Original Answer | 05/06/2021 |
| 6 | State Court's Docket Sheet | |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| EDDIE BELL | § | |
| | § | |
| | § | |
| vs. | § | C.A. NO.: 3:21-cv-1070 |
| | § | |
| ADAM HENSON, NEW PRIME, INC. AND | § | |
| SUCCESS LEASING, INC. | § | |

## INDEX OF STATE COURT DOCUMENTS

| TAB | DOCUMENT | DATE |
|-----|----------|------|
| 1 | Plaintiff's Original Petition | 03/26/2021 |
| 2 | Citation issued to Adam Henson | 03/26/2021 |
| 3 | Citation issued to New Prime, Inc. | 03/26/2021 |
| 4 | Jury Demand | 03/26/2021 |
| 5 | Defendants' Original Answer | 05/06/2021 |

3 CITS-ESERVE

FILED
3/26/2021 1:29 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Christi Underwood DEPUTY

Case 3:21-cv-01070-G    Document 1-3    Filed 05/12/21    Page 3 of 25    PageID 11

CAUSE NO. _____ DC-21-03912

| | | |
|---|---|---|
| **EDDIE BELL;** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **ADAM HENSON; NEW PRIME, INC;** | § | 68th |
| **AND SUCCESS LEASING, INC.;** | § | |
| | § | |
| **Defendants.** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Eddie Bell files Plaintiff's Original Petition complaining of

Defendants Adam Henson, New Prime, Inc., and Success Leasing, Inc.

### I. DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 pursuant to Rule 190

of the TEXAS RULES OF CIVIL PROCEDURE.

### II. RULE 47 PLEADING REQUIREMENTS

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's

counsel states that the damages sought are in an amount within the

jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil

Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief of over

$250,000 but not more than $1,000,000.  The amount of monetary relief actually

awarded, however, will ultimately be determined by a jury.  Plaintiff also seeks

pre-judgment and post-judgment interest at the highest legal rate.

**TAB 1**

### III. PARTIES

Plaintiff Eddie Bell is an individual resident of Arlington, Tarrant County, Texas. His driver's license number is *****002 and his social security number is ***-**-*165.

Defendant Adam Henson is an individual resident of Monett, Barry County, Missouri and may be served with process at 107C Chestnut Street, Monett, Missouri 65708.

Defendant New Prime, Inc. is a corporation doing business in Springfield, Greene County, Missouri and may be served with process by serving its registered agent Incorp Services, Inc. at 815 Brazos, #500, Austin, Texas 78701.

Defendant Success Leasing, Inc. is a corporation doing business in Springfield, Greene County, Texas and may be served with process by serving its registered agent Steve Crawford at 2740 North Mayfair Avenue, Springfield, Missouri 65803.

### IV. JURISDICTION AND VENUE

The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Honorable Court.

This Court has venue over the parties to this action since the incident complained of herein occurred in Dallas County, Texas. Venue therefore is proper in Dallas County, Texas pursuant to the TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002.

## V.  FACTS

This lawsuit arises out of a motor vehicle collision that occurred on or about Monday, January 4, 2021 at or near the intersection of Bonnie View Road and Lyndon B. Johnson (IH-20) service road within the city limits of Dallas, Dallas County, Texas.  Plaintiff Eddie Bell was a passenger in a vehicle traveling westbound on the Lyndon B. Johnson service road attempting to make a left turn onto to Bonnie View Road.  Defendant Adam Henson was operating his 18-wheeler northbound on Bonnie View Road. Defendant Adam Henson was in the course and scope of his employment with and operating under the Federal Motor Carrier authority of Defendant New Prime, Inc.  Defendant Adam Henson had a red light at the intersection of Bonnie View Road and Lyndon B. Johnson (IH-20) service road.  As Plaintiff's vehicle entered the intersection with the right-of-way, Defendant Adam Henson failed to stop at the red light and collided hard into the driver's side of Plaintiff's vehicle.  As a result of the collision, Plaintiff was injured and continues to suffer injuries and damages from this incident.

## VI.  CAUSES OF ACTION

## A.    NEGLIGENCE – DEFENDANT ADAM HENSON

At the time of the motor vehicle collision, Defendant Adam Henson was operating his 18-wheeler negligently. Specifically, Defendant had a duty to exercise ordinary care and operate his 18-wheeler reasonably and prudently. Defendant breached that duty in one or more of the following respects:

1.    Defendant failed to keep such proper lookout and attention to the roadway as a person or ordinary prudence would have kept under the same or similar circumstances;

2.     Defendant failed to stop at a red light in violation of Texas
       Transportation Code Section 544.007;

3.     Defendant failed to yield the right-of-way in violation of Texas
       Transportation Code Section 545.151;

4.     Defendant entered the intersection when it was unsafe to do so;

5.     Defendant failed to keep an assured safe distance from Plaintiff's
       vehicle;

6.     Defendant failed to timely apply the brakes of his 18-wheeler in
       order to avoid the collision in question;

7.     Defendant failed to safely operate his 18-wheeler; and

8.     Defendant failed to have or apply all of his mental faculties because
       he was distracted by cell phone and/or GPS usage.

## B.     NEGLIGENCE PER SE – DEFENDANT ADAM HENSON

Defendant Adam Henson's conduct described herein constitutes an

unexcused breach of duty imposed by Texas Transportation Codes 544.007 and

545.151. Plaintiff was a member of the class that Texas Transportation Codes

544.007 and 545.151 were designed to protect. Defendant's unexcused breach

of the duty imposed by Texas Transportation Codes 544.007 and 545.151

proximately caused damages described herein.

## C.     GROSS NEGLIGENCE – DEFENDANT ADAM HENSON

In addition to actual damages, Plaintiff seeks to recover exemplary or

punitive damages from Defendant, because Defendant's conduct was of such

character as to constitute gross negligence. Defendant's actions in connection with

the collision involved an extreme degree of risk, considering the probability and

magnitude of the potential harm to Plaintiff and to other users of the public

roadways.  Defendant had actual, subjective knowledge of the risk involved, but nevertheless acted in conscious indifference to the rights, safety, and welfare of others, including the Plaintiff, when he chose to use his cell phone and/or was distracted by his GPS at the time of the collision.

**D.     NEGLIGENT ENTRUSTMENT – DEFENDANT NEW PRIME, INC. AND/OR SUCCESS LEASING, INC.**

As an additional cause of action, Plaintiff would show that at the time and on the occasion in question, Defendant New Prime, Inc. and/or Defendant Success Leasing, Inc. was the owner of the vehicle driven by Defendant Adam Henson.  Defendant New Prime, Inc. and/or Defendant Success Leasing, Inc. entrusted the vehicle to Defendant Adam Henson. Defendant Adam Henson was unlicensed, incompetent, and/or reckless and Defendant New Prime, Inc. knew or should have known that Defendant Adam Henson was unlicensed, incompetent, and/or reckless.  Defendant Adam Henson's negligence on the occasion in question proximately caused the collision.

**E.     RESPONDEAT SUPERIOR – DEFENDANT NEW PRIME, INC.**

Additionally, Plaintiff would show that at the time and on the occasion complained of, Defendant Adam Henson was in the course and scope of his employment with Defendant New Prime, Inc. thereby making Defendant New Prime, Inc. liable under the doctrine of *Respondeat Superior*.

**F.     NEGLIGENCE – DEFENDANT NEW PRIME, INC.**

Defendant New Prime, Inc. negligently hired and retained Defendant Adam Henson. Moreover, Defendant New Prime, Inc. failed to properly qualify,

train and/or supervise Defendant Adam Henson in order to prevent such collision.

## G.    GROSS NEGLIGENCE – DEFENDANT NEW PRIME, INC.

In addition to actual damages, Plaintiff seeks to recover exemplary or punitive damages from Defendant New Prime, Inc., because Defendant's conduct was of such character as to constitute gross negligence. Defendant New Prime, Inc.'s actions in connection with the collision involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and to other users of the public roadways.  Defendant New Prime, Inc. had actual, subjective knowledge of the risk involved, but nevertheless acted in conscious indifference to the rights, safety, and welfare of others, including the Plaintiff, when Defendant New Prime, Inc. chose to allow Defendant Adam Henson to operate a vehicle under Defendant New Prime, Inc.'s motor carrier authority on public roadways at the time of the collision.

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

## VII.  DAMAGES

As a proximate result of Defendants' negligence, Plaintiff suffered extensive injuries and damages. As a result of Plaintiff's injuries, Plaintiff suffered the following damages:

a.    Medical expenses in the past and future;

b.    Lost wages in the past and loss of earning capacity in the future;

c.      Physical pain and suffering in the past and future;

d.      Mental anguish in the past and future; and

e.      Physical impairment in the past and future.

## VIII.  INTENT TO USE DEFENDANTS' DOCUMENTS

Plaintiff hereby gives notice of intent to utilize items produced in discovery against the party producing same.  The authenticity of such items is self-proven per TRCP 193.7.

## IX.  JURY TRIAL

Plaintiff demands a trial by jury and includes the appropriate jury fees.

## X.  U.S. LIFE TABLES

Notice is hereby given to the Defendants that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XI.  RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein, and that upon final hearing thereof, Plaintiff recover judgment against Defendants for:

1.      Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

2.      Plaintiff's future medical expenses;

3.      Plaintiff's lost wages in the past and loss of earning capacity in the future;

4.      Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

5.      Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;

6.     Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;

7.     Interest on the judgment at the legal rate from the date of judgment;

8.     Pre-judgment interest on Plaintiff's damages as allowed by law;

9.     All costs of court; and

10.    Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**WITHERITE LAW GROUP, PLLC**

BY: */s/ Adewale Odetunde*
**ADEWALE ODETUNDE**
State Bar No. 24088146
adewale.odetunde@witheritelaw.com
**SHELLY GRECO**
State Bar No. 24008168
shelly.greco@witheritelaw.com
10440 N. Central Expressway
Suite 400
Dallas, TX 75231-2228
214/378-6665
214/378-6670 (fax)

**ATTORNEYS FOR PLAINTIFF**

# FORM NO.  353-3 - CITATION
# THE STATE OF TEXAS

To:    **ADAM HENSON**
       **107C CHESTNUT STREET**
       **MONETT MISSOURI  65708**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and  petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.  Your answer should be addressed to the clerk of the **68th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **EDDIE BELL**

Filed in said Court  **26th day of March, 2021** against

**ADAM HENSON, NEW PRIME, INC. AND SUCCESS LEASING, INC.**

For Suit, said suit being numbered **DC-21-03912,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 6th day of April, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

      By_____, Deputy
            DANIEL MACIAS

**TAB 2**

---

**ESERVE**

**CITATION**

**DC-21-03912**

**EDDIE BELL**
**vs.**
**ADAM HENSON, et al**

**ISSUED THIS**
**6th day of April, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  DANIEL MACIAS, Deputy

**Attorney for Plaintiff**
**ADEWALE ODETUNDE**
WITHERITE LAW GROUP, PLLC
10440 N CENTRAL EXPY
STE 400
DALLAS TX  75231
214-378-6665
**adewale.odetunde@witheritelaw.com**



**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-21-03912

Court No.68th District Court

Style: EDDIE BELL

 vs.

ADAM HENSON, et al

Came to hand on the _____day of _____, 20_____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named _____

_____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |  |  |
|---|---|---|---|---|
| For serving Citation | $_____ | _____ | | |
| For mileage | $ _____ | of _____ County, _____ | | |
| For Notary | $_____ | By _____ Deputy | | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County _____

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:   **NEW PRIME, INC.**
      **SERVING ITS REGISTERED AGENT INCORP SERVICES, INC.**
      **815 BRAZOS #500**
      **AUSTIN, TEXAS 78701**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty days after you were served this citation and  petition, a default judgment may be taken
against you. In addition to filing a written answer with the clerk, you may be required to make initial
disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days
after you file your answer with the clerk.  Find out more at TexasLawHelp.org.  Your answer should be
addressed to the clerk of the **68th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **EDDIE BELL**

Filed in said Court  **26th day of March, 2021** against

**ADAM HENSON, NEW PRIME, INC. AND SUCCESS LEASING, INC.**

For Suit, said suit being numbered **DC-21-03912,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies
this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 6th day of April, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
      DANIEL MACIAS

**TAB 3**



| |
|---|
| **ESERVE** |
| **CITATION** |
| **DC-21-03912** |
| **EDDIE BELL**<br>**vs.**<br>**ADAM HENSON, et al** |
| ISSUED THIS<br>**6th day of April, 2021** |
| FELICIA PITRE<br>Clerk District Courts,<br>Dallas County, Texas |
| By:  DANIEL MACIAS, Deputy |
| **Attorney for Plaintiff**<br>**ADEWALE ODETUNDE**<br>WITHERITE LAW GROUP, PLLC<br>10440 N CENTRAL EXPY<br>STE 400<br>DALLAS TX  75231<br>214-378-6665<br>**adewale.odetunde@witheritelaw.com** |

**DALLAS COUNTY
SERVICE FEES
NOT PAID**

# OFFICER'S RETURN

Case No. :  DC-21-03912

Court No.68th District Court

Style: EDDIE BELL

 vs.

ADAM HENSON, et al

Came to hand on the _____ day of _____ , 20 _____ , at _____ o'clock _____.M. Executed at _____ ,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of _____ ,

20_____ , by delivering to the within named _____

_____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:  To ce **TAB 1** ss my hand.

|  |  |  |  |
|---|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $ _____ | of _____ County, _____ |
| For Notary | $_____ | By _____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said  _____ before me this _____ day of _____ , 20 _____ ,

to certify which witness my hand and seal of office.

_____

Notary Public  _____ County _____



FELICIA PITRE
DALLAS COUNTY DISTRICT CLERK

NINA MOUNTIQUE
CHIEF DEPUTY

## CAUSE NO. DC-21-03912

EDDIE BELL

vs.

ADAM HENSON, et al

68th District Court

## ENTER DEMAND FOR JURY

JURY FEE PAID BY: PLAINTIFF

FEE PAID: $40

600 COMMERCE STREET DALLAS, TEXAS  75202 (214) 653-7261
FAX (214)653-7781 E-mail: Felicia.Pitre@dallascounty.org
Web site: http://www.dallascounty.org/distclerk/index.html

TAB 4

FILED
5/6/2021 1:26 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Martin Reyes DEPUTY

CAUSE NO.:  DC-21-03912

| | | |
|---|---|---|
| EDDIE BELL | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | 68th JUDICIAL DISTRICT |
| | § | |
| ADAM HENSON; NEW PRIME, INC., AND | § | |
| SUCCESS LEADING, INC. | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER

COME NOW  ADAM HENSON, NEW PRIME, INC. and SUCCESS LEASING, INC. ("Defendants") and files this Original Answer to Plaintiff's Original Petition in the above-styled and numbered case, and would respectfully show unto the Court the following:

## GENERAL DENIAL

1.      As is authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendants deny each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demands strict proof thereof by a preponderance of the credible evidence.

## AFFIRMATIVE DEFENSES

2.      Defendants plead they are entitled to submission and consideration of Plaintiff's recovery of medical or health expenses incurred, and that said damages awarded by the jury should be limited to the amount actually paid or incurred by on behalf of Plaintiff in accordance with C.P.R.C. Section 41.0105 [Evidence Relating to Amount of Economic Damages].

3.      Defendants affirmatively plead that Plaintiff's recovery of alleged damages are barred to the extent they were caused or contributed to by Plaintiff's failure to make reasonable efforts to mitigate the same.

TAB 5

4.      Defendants further assert application of Texas Civil Practice & Remedies Code Section 18.091, requiring evidence related to loss of earnings, loss of earning capacity, and loss contribution of a pecuniary value, or loss of inheritance, to be presented in the form of a *net loss* after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.  Defendants further request that the Court instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiff is subject to federal or state income taxes.

5.      Defendants asserts their rights and remedies pursuant to Chapter 41 of the Tex. Civ. Prac. & Rem. Code and the applicable limitation on the amount of exemplary or punitive damages awarded to Plaintiff, if at all, by the jury in this matter.  In addition, but not limited by, Defendants would further assert that all claims for punitive damages be established by culpable acts or omissions and proximate causation as provided in Section 41.003 and 41.001; found unanimously by the jury as to liability and the amount of punitive damages pursuant to 41.003(d); be limited on recovery and prejudgment interest as addressed in 41.007.

6.      Further, Defendant asserts that an award of exemplary damages would be improper because it would be grossly excessive or arbitrary and would violate the Defendant's right of due process as set forth in the Fourteenth Amendment of the U.S. Constitution and Texas Constitution Article I, Section 19.

7.      Pleading further, Defendant asserts that an award of exemplary damages would be improper because: (1) any such award would be too great when compared with the degree of reprehensibility of Defendant's alleged misconduct; (2) the disparity between any such award and the harm allegedly suffered by Plaintiff would be too great; and (3) the difference between any such award and any civil penalties, whether authorized or imposed, would be too great.

8.      Defendants plead further that an award of exemplary damages would be improper because it would be a windfall that exceeds Plaintiff's right to a remedy for Plaintiff's injury by due course of law, as set forth in Texas Constitution Article I, Section 13.

9.      Additionally, an award of exemplary damages would be improper because it would be wholly or partly compensatory and would constitute a double recovery by Plaintiff for the same alleged damages.

10.     An award of exemplary damages would be improper because it would violate the proscription against excessive fines in the Eighth Amendment of the U.S. Constitution and Texas Constitution Article I, Section 13.

11.     An award of exemplary damages would be improper if based upon the "preponderance of evidence" standard of proof.  Due process requires that exemplary damages be proved beyond a reasonable doubt, or in the alternative, by clear and convincing evidence.  TEX. CIV. PRAC. & REM. CODE ANN. § 41.003.

12.     An award of exemplary damages would be improper without procedural safeguards greater than those afforded by the Texas Rules of Civil Procedure and the Texas Civil Practice and Remedies Code because exemplary damages are quasi-criminal in nature, and Defendants are entitled to all those protections and safeguards guaranteed by the Fifth, Eighth and Fourteenth Amendments of the U.S. Constitution.

13.     Defendants would show that Texas law places a limitation or "cap" on the exemplary damages or statutory damages which Plaintiff seeks.  Plaintiff's claims for punitive damages are limited to: (1)(a) two times the amount of economic damages, plus (b) an amount equal to any non-economic damages, not to exceed $750,000; or (2) $200,000, whichever is greater.  TEX. CIV. PRAC. & REM. CODE ANN. § 41.008(b).

14.     Defendants would also show this Court that even if Plaintiff is entitled to an award of exemplary damages, which Defendants deny, any such award must be limited to a single-digit multiplier of actual or compensatory damages in order to comport with the requirements of the Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution, and Texas Constitution Article I, Sections 3, 13 and 19.

15.     An award of exemplary damages in excess of a fraction of Defendant's net worth would be improper because it would violate Defendant's right of due process as set forth in the Fourteenth Amendment of the U.S. Constitution and Texas Constitution Article I, Section 19, the Eighth Amendment of the U.S. Constitution and Texas Constitution Article I, Section 19, and Chapter 41 of the TEX. CIV. PRAC. & REM. CODE.

16.     Defendants plead that Plaintiff's own acts and/or omissions contributed to the incident and Plaintiff's injuries, if any.  Defendants, therefore, invoke the doctrine of contributory negligence and proportionate responsibility.

## INTENT TO USE PLAINTIFF'S DOCUMENTS

17.     In accordance with TEX. RULES OF CIV. PROC. 193.7, Defendants notify Plaintiff that any and all documents produced to Defendants by Plaintiff in response to written discovery requests may be used at any pretrial proceeding, as well as entered into evidence at the final trial of this cause, and are considered authenticated as to producing parties by the fact of production itself.

## DEMAND FOR JURY TRIAL

18.      Defendants asserts their right to a trial by jury under Texas Constitution Article 1, section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with TEX. RULES OF CIV. PROC. 216.

## PRAYER

**WHEREFORE,** Defendants pray for a take nothing judgment, for all costs and for such other and further relief, general or special, at law or in equity, to which Defendants may be entitled.

Respectfully Submitted,

**GAUNTT, KOEN, BINNEY & KIDD, L.L.P.**

_____/s/ Robert J. Collins_____
**KARL W. KOEN**
State Bar No.:  11652275
_Karl.Koen@gkbklaw.com_

**ROBERT J. COLLINS**
State Bar No.:  24031970
_Robert.Collins@gkbklaw.com_

14643 Dallas Pkwy., Suite 500
Dallas, Texas  75254
(972) 630-4620
(972) 630-4669 - Fax

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded to all of record pursuant to the Texas Rules of Civil Procedure, as indicated below, on this the 6th day of May, 2021.

**Via ProDoc**
Mr. Adewale Odetunde
Ms. Shelly Greco
Witherite Law Group, PLLC
10440 N. Central Expressway Suite 400
Dallas, Texas  75231-2228

_____/s/ Robert J. Collins_____
**ROBERT J. COLLINS**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Robert Collins on behalf of Robert Collins
Bar No. 24031970
Robert.collins@gkbwklaw.com
Envelope ID: 53186584
Status as of 5/7/2021 9:41 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| ADEWALE ODETUNDE | | adewale.odetunde@witheritelaw.com | 5/6/2021 1:26:48 PM | SENT |
| Robert Collins | | Robert.Collins@gkbklaw.com | 5/6/2021 1:26:48 PM | SENT |
| Karen Morris | | Karen.Morris@gkbklaw.com | 5/6/2021 1:26:48 PM | SENT |
| Karl Koen | | karl.koen@gkbklaw.com | 5/6/2021 1:26:48 PM | SENT |
| Melissa Shaffer | | Melissa.Shaffer@gkbklaw.com | 5/6/2021 1:26:48 PM | SENT |

## Case Information

DC-21-03912 | EDDIE BELL vs. ADAM HENSON, et al

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-21-03912 | 68th District Court | HOFFMAN, MARTIN |
| File Date | Case Type | Case Status |
| 03/26/2021 | MOTOR VEHICLE ACCIDENT | OPEN |

## Party

PLAINTIFF
BELL, EDDIE

Address
C/O WITHERITE LAW GROUP, PLLC
10440 N. CENTRAL EXPRESSWAY, SUITE 400
DALLAS TX 75231

Active Attorneys ▾
Lead Attorney
ODETUNDE, ADEWALE
Retained

Attorney
GRECO, SHELLY
Retained

DEFENDANT
HENSON, ADAM

Address
107C CHESTNUT STREET
MONETT MO 65708

Active Attorneys ▾
Lead Attorney
COLLINS, ROBERT
Retained

DEFENDANT
NEW PRIME, INC.

Address
BY SERVING ITS REGISTERED AGENT INCORP SERVICES INC
815 BRAZOS, #500
AUSTIN TX 78701

Active Attorneys ▾
Lead Attorney
COLLINS, ROBERT
Retained

*TAB 6*

DEFENDANT
SUCCESS LEASING, INC.

Address
BY SERVING ITS REGISTERED AGENT STEVE CRAWFORD
2740 NORTH MAYFAIR AVENUE
SPRINGFIELD MO 65803

Active Attorneys ▾
Lead Attorney
COLLINS, ROBERT
Retained

# Events and Hearings

03/26/2021 NEW CASE FILED (OCA) - CIVIL

03/26/2021 ORIGINAL PETITION ▾

PLAINTIFF'S ORIGINAL PETITION

03/26/2021 ISSUE CITATION ▾

ISSUE CITATION - ADAM HENSON

ISSUE CITATION - NEW PRIME, INC.

03/26/2021 JURY DEMAND ▾

FP FILE DESK JURY DEMAND FORM

04/06/2021 CITATION ▾

Unserved

Anticipated Server
ESERVE

Anticipated Method
Comment
ADAM HENSON

04/06/2021 CITATION ▾

Unserved

Anticipated Server
ESERVE

Anticipated Method
Comment
NEW PRIME, INC.

04/06/2021 CITATION ▾

Unserved

Anticipated Server
ESERVE

Anticipated Method
Comment
SUCCESS LEASING, INC.

05/06/2021 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIGINAL ANSWER

## Financial

BELL, EDDIE

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $356.00 |
| | Total Payments and Credits | | | $356.00 |
| 3/29/2021 | Transaction Assessment | | | $356.00 |
| 3/29/2021 | CREDIT CARD - TEXFILE (DC) | Receipt # 18930-2021-DCLK | BELL, EDDIE | ($356.00) |

## Documents

PLAINTIFF'S ORIGINAL PETITION

FP FILE DESK JURY DEMAND FORM

ISSUE CITATION - ADAM HENSON

ISSUE CITATION - NEW PRIME, INC.

ORIGINAL ANSWER